# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GAUDET & COMPANY, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:21-cv-00372-JB-MU |
| ACE FIRE UNDERWRITERS ) | |
| INSURANCE COMPANY, and CHUBB ) | |
| INDEMNITY INSURANCE COMPANY. ) | |
| ) | |
| Defendants. ) | |

## ACE FIRE UNDERWRITERS INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

ACE Fire Underwriters Insurance Company ("ACE")[1] without waiving any substantive and procedural defects in the Complaint, submits its Answer and Affirmative Defenses.

## PARTIES

1. ACE admits Gaudet is an Alabama corporation and was a franchisee of Right at Home, LLC. ACE is without sufficient information to admit or deny the remaining allegations in paragraph 1 and therefore denies the same.

2. ACE admits the allegations contained in Paragraph No. 2.

3. ACE admits that Chubb Indemnity Insurance Company is a New York corporation with its principal place of business in New Jersey. ACE denies that Chubb Indemnity Insurance Company is a proper defendant in this lawsuit because Chubb Indemnity Insurance Company did not issue the insurance policy at issue in this lawsuit (the "ACE Policy").

---

[1] ACE also files this Answer on behalf of improperly named defendant Chubb Indemnity Insurance Company ("Chubb"). Chubb is not a proper defendant because it did not issue the ACE Policy at issue in this lawsuit. Chubb incorporates and adopts each of ACE's responses in this Answer, along with each of ACE's affirmative defenses.

## JURISDICTION & VENUE

4. ACE admits this Court has jurisdiction.

5. ACE admits that venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

### The ACE/CHUBB Insurance Policy

6. ACE admits the allegations contained in Paragraph No. 6, except to state that the policy was issued by ACE and not Chubb.

7. ACE admits the allegations contained in Paragraph No. 7, except to state that the policy was issued by ACE and not Chubb.

8. ACE admits the allegations contained in Paragraph No. 8, except to state that the policy was issued by ACE and not Chubb. The policy obligates ACE only to defend and indemnify for bodily injury claims otherwise covered by the terms of the policy.

9. ACE denies the allegations contained in Paragraph No. 9. The ACE policy speaks for itself.

10. ACE admits the policy was in force but is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 10.

### The Franchise Agreement

11. ACE admits Right at Home is a franchisor, but ACE is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 11.

12. ACE is without sufficient information to admit or deny the allegations contained in Paragraph No. 12.

13. ACE admits the Franchise Agreement contains the language quoted in Paragraph No. 13.

14. The Franchise Agreement is a legal document which speaks for itself such that paragraph 14 does not require ACE to admit or deny.

## The Underlying Incident

15. Upon information and belief, ACE admits Mr. Sellers resided at the Arlington apartment complex, had Alzheimer's, and required home care services. ACE is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 15.

16. Upon information and belief, ACE admits the allegations contained in Paragraph No. 16.

17. Upon information and belief, ACE admits the allegations contained in Paragraph No. 17.

18. Upon information and belief, ACE admits the allegations contained in Paragraph No. 18.

19. Upon information and belief, ACE admits the allegations contained in Paragraph No. 19.

## The Underlying Lawsuit

20. ACE admits the allegations contained in Paragraph No. 20.

21. The complaint in the Underlying Lawsuit speaks for itself, and ACE is not required to admit or deny the allegations in Paragraph No. 21.

**RIGHT AT HOME's Demand for Dense and Indemnity**

22. ACE admits that Philadelphia Indemnity Insurance Company, as insurer for Right at Home, tendered the defense and indemnity of Right at Home to Gaudet and ACE. That January 19, 2019 tender is a written document which speaks for itself.

23. The Franchise Agreement is a legal document speaks for itself such that ACE is not required to admit or deny the allegations contained in Paragraph No. 23.

24. The allegations in Paragraph 24 call for a legal conclusion not requiring a response from ACE. To the extent a response may be deemed required, ACE denies the allegations contained in Paragraph No. 24.

25. ACE denies the allegations contained in Paragraph No. 25.

26. ACE denies the allegations contained in Paragraph No. 26.

27. ACE admits the allegations contained in Paragraph No. 27.

28. ACE admits that it did not send a copy of its written rejection of Right at Home's demand to Gaudet. ACE is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 28 and therefore denies them.

29. The March 2, 2020 ACE coverage communication is a written document which speaks for itself. To the extent the allegations in paragraph 29 are intended to state that the ACE policy affords coverage for Right at Home's defense and indemnity, they are denied.

30. ACE denies the allegations contained in Paragraph No. 30.

31. ACE admits that the March 2, 2020 ACE coverage communication was sent by the claims handler assigned to manage Gaudet's liability claims. ACE denies the remaining allegations contained in Paragraph No. 31.

32. ACE denies the allegations contained in Paragraph No. 32.

33. The March 2, 2020 ACE coverage communication is a written document which speaks for itself.

34. The March 2, 2020 ACE coverage communication is a written document which speaks for itself. ACE denies Gaudet's characterization of that document.

35. ACE denies the allegations contained in Paragraph No. 35.

36. The Franchise Agreement written document which speaks for itself. ACE denies the allegations contained in Paragraph No. 36.

37. Upon information and belief, Right at Home was provided a defense by Philadelphia Indemnity Insurance Company. ACE therefore denies the allegations contained in Paragraph No. 37.

38. ACE is without sufficient information to admit or deny the allegations contained in Paragraph No. 38 and therefore denies the allegations contained in Paragraph No. 38.

39. ACE is without sufficient information to admit or deny the allegations contained in Paragraph No. 39 and therefore denies the allegations contained in Paragraph No. 39.

40. ACE admits the allegations contained in Paragraph No. 40.

### RIGHT AT HOME's Cross-Claim against GAUDET

41. ACE admits that Right at Home filed a cross-claim against Gaudet for indemnity and defense. ACE denies the remaining allegations contained in Paragraph No. 41.

### RIGHT AT HOME's Demand and Offer to Release Gaudet from Multi-Million Dollar Indemnity Obligations in Exchange for Less than $100,000 that Gaudet and ACE/CHUBB Owed Anyway

42. ACE admits that counsel for PIIC demanded that ACE tender its full liability limits. That September 3, 2020 letter speaks for itself. ACE denies the remaining allegations contained in Paragraph No. 42.

43. The September 3, 2020 letter from PIC counsel speaks for itself. ACE denies the remaining allegations contained in Paragraph No. 43.

44. ACE denies the allegations contained in Paragraph No. 44.

45. ACE admits that the ACE Policy provides for payment of costs of defense as well as settlements or judgments arising from covered claims. ACE's obligations under the ACE Policy end upon exhaustion of the ACE Policy's limits of insurance. ACE denies the remaining allegations contained in Paragraph No. 45.

46. ACE admits that PIIC settled claims against Right at Home the claims against Right at Home were dismissed. ACE lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 46.

47. ACE admits that Gaudet defense counsel requested an additional extension of time to respond to Right at Home's cross-claim. ACE is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 47 and therefore denies them.

48. ACE is without sufficient information to admit or deny the allegations contained in Paragraph No. 48 and therefore denies them.

**ACE/CHUBB Assume GAUDET's Defense of RIGHT AT HOME's Cross-Claim**

49. Upon information and belief, ACE admits Gaudet counsel filed a motion to dismiss the cross-claim against Gaudet .

50. ACE denies the allegations contained in Paragraph No. 50 to the extent Gaudet alleges it was not aware that ACE's obligations under the ACE Policy end upon exhaustion of the ACE Policy's limits of insurance. The ACE Policy speaks for itself.

51. ACE is without sufficient information to admit or deny the allegations contained in Paragraph No. 51 of Complaint and therefore denies them.

52. Upon information and belief, ACE admits that it became aware of the lawsuit referenced in Paragraph No. 52. The filings in the Nebraska lawsuit speak for themselves.

53. Upon information and belief, ACE admits it became aware of certain filings in the Nebraska lawsuit. Those filings speak for themselves.

**ACE/CHUBB Withdraws its Defense of RIGHT AT HOME's Cross-Claim and the Cross-Claim Proceeds to Judgment**

54. ACE admits that it wrote Gaudet informing Gaudet of ACE's intention to withdraw its defense and indemnity of Gaudet in the underlying lawsuit based on exhaustion of its policy limits. ACE denies the remaining allegations contained in Paragraph No. 54.

55. ACE's December 17 coverage communication is a written document that speaks for itself. ACE admits that it paid its full policy limits to settle the claims by plaintiffs against Gaudet in the underlying lawsuit. ACE denies the remaining allegations contained in Paragraph No. 55.

56. ACE admits that defense counsel withdrew on January 4, 2021. ACE denies the allegations contained in Paragraph No. 56 to the extent Gaudet alleges it was not aware that ACE's obligations under the ACE Policy end upon exhaustion of the ACE Policy's limits of insurance. The ACE Policy speaks for itself. ACE denies the remaining allegations contained in Paragraph 56.

57. ACE is without sufficient information to admit or deny the allegations contained in Paragraph No. 57.

58. ACE is without sufficient information to admit or deny the allegations contained in Paragraph No. 58.

59. ACE is without sufficient information to admit or deny the allegations contained in Paragraph No. 59.

60. ACE denies the allegations contained in Paragraph No. 60.

## COUNT I

### Negligent/Wanton Failure to Settle by ACE/CHUBB

61. ACE adopts and incorporates its responses to Paragraphs No. 1 through 60 of Complaint in response to Paragraph No. 61.

62. Paragraph No. 62 contains a legal conclusion to which no response is required.

63. ACE denies the allegations contained in Paragraph No. 63.

64. ACE denies the allegations contained in Paragraph No. 64.

65. ACE denies the allegations contained in Paragraph No. 65.

66. ACE denies the allegations contained in Paragraph No. 66.

67. ACE denies the allegations contained in Paragraph No. 67.

68. ACE denies the allegations contained in Paragraph No. 68.

69. ACE denies the allegations contained in Paragraph No. 69.

70. ACE admits that it refused Right at Home's settlement offer for the cross-claim against Gaudet because that claim is not covered the terms of the ACE policy. ACE denies the allegations contained in Paragraph No. 70.

71. ACE denies the allegations contained in Paragraph No. 71.

72. ACE denies the allegations contained in Paragraph No. 72.

ACE denies that Gaudet is entitled to any of the relief requested in the unnumbered Paragraph following Paragraph No. 72 of Complaint and respectfully requests the Court enter judgment in favor of ACE, dismiss with prejudice Gaudet's claims and tax all court costs against Gaudet.

## COUNT II

### ACE/CHUBB's Bad Faith Failure to Properly Investigate, Defend, and Settle RIGHT AT HOME's Claims against GAUDET

73. ACE adopts and incorporates its responses to Paragraphs No. 1 through 72 of Complaint in response to Paragraph No. 73.

74. Paragraph No. 74 contains a legal conclusion to which no response is required.

75. ACE denies the allegations contained in Paragraph No. 75.

76. ACE denies the allegations contained in Paragraph No. 76.

77. ACE denies the allegations contained in Paragraph No. 77.

78. ACE denies the allegations contained in Paragraph No. 78.

79. ACE denies the allegations contained in Paragraph No. 79.

80. ACE denies the allegations contained in Paragraph No. 80.

81. ACE denies the allegations contained in Paragraph No. 81.

82. ACE denies the allegations contained in Paragraph No. 82.

83. ACE denies the allegations contained in Paragraph No. 83.

84. ACE denies the allegations contained in Paragraph No. 84.

85. ACE denies the allegations contained in Paragraph No. 85.

ACE denies that Gaudet is entitled to any of the relief requested in the unnumbered Paragraph following Paragraph No. 85 of Complaint and respectfully requests the Court enter judgment in favor of ACE, dismiss with prejudice Gaudet's claims and tax all court costs against Gaudet.

### AFFIRMATIVE DEFENSES

1. ACE denies any allegations not specifically admitted in its Answer and demands Plaintiff be put to its burden of proof on each allegation.

2.  Plaintiff's claims against ACE are barred by the provisions, exclusions, definitions, terms, conditions, endorsements, and limitations of the ACE Policy, all of which are incorporated by reference herein.

3.  The "Businessowners Liability Enhancements for Home Healthcare Agencies" (BOP-48200 (10/16)) amends the Businessowners Coverage Form section "Who is an Insured" to include "[a]ny persons or organizations that [the insured is] required by a contract or agreement to provide with such insurance as is afforded by this policy. However, such a person or organization is an insured only: **(1)** To the extent such contract or agreement requires the additional insured to be afforded status as an insured…." No person or organization is insured under the provision "[w]ith respect to any assumption of liability in a contract or agreement. This limitation does not apply to the liability for damages the additional insured would have in the absence of the contract or agreement." BOP 48200 (10/16) states that the insurance under the enhancement does not apply to "Bodily injury." This enhancement does not provide any coverage for the Estate of Sellers's underlying claims, which arise from bodily injury.

4.  The Policy also contains a "Healthcare Professional Liability — Claims Made" endorsement (BOP-48132 (10/16)). This endorsement contains section G: "[f]or the purposes of the coverage provided by this endorsement, Paragraph **C.2. Who Is An Insured** is replaced by the following…." Section G does not include any language making a third party an additional insured by reason of an indemnity contract. Because section G "replace[s]" the previous definition of insured for the purposes of the endorsement's coverage, the "required by contract" language of BOP 48200 does not apply to BOP-48132 (10/16). Right at Home is not considered an additional insured for this endorsement and has no coverage under the endorsement.

5.      BOP-48132 (10/16) contains an exclusion for cross claims: "Any claim or 'suit' brought or maintained by or on behalf of any insured in any capacity against another insured. This exclusion does not apply to 'professional liability claims' resulting from 'healthcare professional services' provided by the insured to another insured." To any extent that Right at Home was an additional insured under this endorsement, loss arising from the crossclaim between Right at Home and Gaudet is excluded.

6.      BOP-48132 (10/16) contains an exclusion for "[a]ny 'bodily injury' or 'personal injury' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." This exclusion does not apply to liability for damages "**(1)** [t]hat the insured would have in the absence of the contract or agreement; or **(2)** [t]hat (a) [t]he insured assumes in a written contract with a Health Maintenance Organization, Preferred Provider Organization, Independent Practice Association or other similar organization; and (b) [i]s imposed because of 'healthcare professional services' performed by the insured subsequent to the execution of such contract, but only for such liability arising out of the insured's sole negligence in performing 'healthcare professional services.'" Right at Home's crossclaim against Gaudet is excluded.

7.      The "Injury to Patients" Exclusion (BOP-48137 (10/16)) states that the policy does not apply to "[bodily injury]… sustained by any person who is: **(1)** [y]our patient and: **(a)** Is under the supervision or care of any insured for any medical, surgical, dental, x-ray, nursing, health or therapeutic service, treatment, advice or instruction… or **(2)** [u]nder the supervision, care or otherwise a recipient of any in-home health or personal services provided by any person or organization." Even if the enhancement were to afford Right at Home additional insured status

11

under the Businessowners Coverage section, Sellers was a recipient of in-home personal services. The injury to patients exclusion excludes coverage for Right at Home's crossclaim against Gaudet.

8.     The ACE Policy includes a per occurrence limit of insurance of $1,000,000. Each of the relevant policy sections (the Businessowners Coverage Form, and BOP-48200 (10/16), BOP-48132 (10/16)) includes a clause stating that ACE's duty to defend ends when the applicable Limits of Insurance has been used up "in the payment of judgments or settlements." ACE tendered the policy limits to Whitlow, the plaintiff in the underlying suit. Any responsibility ACE may have had under the Policy was extinguished when the limits of insurance were exhausted.

9.     The Policy contains a "Legal Action Against Us" clause which provides that "[n]o person or organization has a right under this policy… **b.** [t]o sue us on this policy unless all of its terms have been fully complied with." ACE reserves all rights with respect to this provision.

10.    The Complaint fails to state a claim upon which relief can be granted against ACE.

11.    ACE denies it breached any duties owed to Plaintiff and demands strict proof thereof.

12.    Plaintiff's bad faith claims are barred because ACE acted in good faith at all times in its handling of the underlying suit. ACE has good faith, reasonable, arguable, and legitimate reasons for its coverage position and its claim-handling activities in the underlying suit.

13.    Plaintiff's alleged damages, if any, are the proximate result of the acts or omission of others for whom ACE is neither liable nor responsible such that said actions constitute the sole cause of Plaintiff's alleged damages, or alternatively, are intervening or superseding causes.

14.    Plaintiff has failed to name or join an indispensable party or parties to the present action.

15. Plaintiff's claim is barred to the extent it lacks standing and is not the real party in interest in this dispute.

16. ACE pleads the Statute of Frauds and the Parole Evidence Rule as defenses.

17. ACE pleads any and all equitable defenses that may apply.

18. Plaintiff's claim is barred by the doctrine of unclean hands.

19. Plaintiff failed to mitigate its damages.

20. ACE reserves any and all defenses available, as set forth in Federal Rules of Civil Procedure 8(c), 12(b)(1) through 12(b)(7), 19, and 21, for which a good-faith basis exists.

21. ACE reserves the right to amend this answer to include any additional defenses revealed during discovery.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint in this matter, ACE respectfully prays:

a. That Plaintiff's claims be dismissed;

b. That Plaintiff take nothing by reason of its suit;

c. That ACE recover its costs; and

d. For any such further relief to which ACE may be entitled.

Dated: October 4, 2021.

Respectfully submitted,

/s/ Jennifer W. Wall
Stephen E. Whitehead asb-2282-t68s
Jennifer W. Wall asb-7964-e67w
*Attorneys for ACE Fire Underwriters Insurance Company and Chubb Indemnity Insurance Company*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
steve@lgwmlaw.com
jwall@lgwmlaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 4th day of October, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system, as follows:

Robert P. Bruner
David L. Bruce
BELT & BRUNER, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35203
robertb@beltlawfirm.com
davidb@beltlawfirm.com
*Attorneys for Plaintiffs*

                                       */s/ Jennifer W. Wall*
                                       OF COUNSEL