IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GAUDET & COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 21-00372-JB-MU |
| ACE FIRE UNDERWRITERS INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on three (3) objections, made pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, to nondispositive orders of the Magistrate Judge: Defendant ACE Fire Underwriters Insurance Company's ("ACE") "Rule 72 Statement of Objection to Magistrate Discovery Order" (Doc. 115), Plaintiff Gaudet & Company, Inc.'s. ("Gaudet") "Rule 72 Statement of Objection to Magistrate Discovery Order on Attorney-Client Privilege" (Doc. 123), and Gaudet's "Rule 72 Statement of Objection to Magistrate Discovery Order on Defendant's Motion for Protective Order" (Doc. 134). The parties fully briefed the objections, and the Court conducted a hearing at which the parties appeared and argued. After careful consideration, and with the benefit of oral argument, the Court concludes the challenged orders are due to be AFFIRMED.

I. **The Standard of Review:**

Federal Rule of Civil Procedure Rule 72(a) provides that a nondispositive order of a magistrate judge is subject to a "clearly erroneous or contrary to law" standard of review. Rule 72(a) states, "[t]he district judge in the case must consider timely objections and modify or set

1

aside any part of the [magistrate judge's nondispositive] order that is clearly erroneous or contrary to law." Under the Rule 72(a) "clearly erroneous or contrary to law" standard of review, a Magistrate Judge's order is afforded great deference.

> The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Dochniak v. Dominium Management Services, Inc.*, 240 F.R.D. 451, 452 (D. Minn. 2006); *see also Graham v. Mukasey*, 247 F.R.D. 205, 207 (D.D.C. 2008) (magistrate judge's ruling in discovery dispute "is entitled to great deference"). Relief is appropriate under the "clearly erroneous" prong of the test only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006) (citation and internal quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (in reviewing magistrate judge's discovery order, "in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge") (citation omitted); *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (clearly erroneous threshold is satisfied only if reviewing court "is left with the definite and firm conviction that a mistake has been committed") (citation omitted). With respect to the "contrary to law" variant of the test, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (citation and internal quotations omitted); *see also Botta*, 475 F. Supp.2d at 185 (similar).

*Pigott v. Sanibel Dev., LLC*, 2008 U.S. Dist. LEXIS 55806, *17 – 18 (S.D. Ala. July 23, 2008). "[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Pigott*, 2008 U.S. Dist. LEXIS 55806, at *17 n.8 (quoting 12 Wright, Miller & Marcus, Federal Practice & Procedure Civ.2d § 3069).

**II.     ACE's Objection to Magistrate Discovery Order:**

ACE objects (Doc. 115) to the Magistrate Judge's Order (Doc. 112) that the common legal interest applies to certain emails between counsel for Gaudet and its franchisor, Right at Home ("RAH") (*id.* at PageID.1784 – 1787 (relying on *Covey v. Colonial Pipeline Co.*, 336 F.D.R 514, 520 - 521 (N.D. Ala. 2020)). Rejecting ACE's argument that Gaudet and RAH were adverse when the

emails were exchanged, the Magistrate Judge concluded they shared a common legal interest at the time, in establishing ACE's indemnity and defense obligations to them in an underlying suit. He found that the emails were within the parameters of *Colonial Pipeline, supra*. The Magistrate Judge also recognized ACE's right to pursue an affirmative defense attacking a judgment entered in the underlying suit as unreasonable and not procured in good faith, but concluded that right did not negate the evidentiary protection afforded to the subject emails under the common legal interest doctrine.

ACE has not demonstrated the Magistrate's conclusions to be clearly erroneous or contrary to law. Based on the standard of review applicable to Rule 72(a) objections, and for the reasons stated in the challenged Order (Doc. 112), in Gaudet's Response (Doc. 118), and on the record of the hearing, the Court finds that the Order (Doc. 112) is due to be AFFIRMED.[1]

### III. Gaudet's Objections to Magistrate Orders on Attorney-Client Privilege and Motion for Protective Order:

Gaudet objects (Docs. 123 and 134) to the Magistrate Judge's Orders that certain documents containing communications with ACE's in-house counsel are protected by the attorney-client privilege (Doc. 122), and prohibiting Gaudet from deposing ACE's in-house counsel (Doc. 133). The Magistrate Judge found that the subject communications involving ACE's in-house counsel concerned the legal advice to ACE relating to a tender for insurance coverage by RAH.

---

[1] ACE also argued that even if the subject emails are privileged, the privilege was waived when a law firm representing RAH in separate litigation produced the emails to ACE in response to a subpoena. Although the Court does find a prior ruling on the argument, for the reasons stated at the hearing of ACE's objections, the Court finds the objection to be without merit and the Magistrate Judge's order to be consistent with the law.

Gaudet has failed to demonstrate, in its briefing and at the hearing of its objections, that the Magistrate Judge's conclusions and Order are clearly erroneous or contrary to law. Based on the standard of review applicable to Rule 72(a) objections, and for the reasons stated in the challenged Orders (Doc. 122 and 133), in ACE's Responses (Docs. 125 and 136), and on the record of the hearing, the Court finds that the Orders (Doc. 122 and 133) are due to be AFFIRMED.

**DONE and ORDERED** this 16th day of January, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE