IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GAUDET & COMPANY, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 21-00372-JB-MU |
| **ACE FIRE UNDERWRITERS INSURANCE COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Defendants' Motions for Summary Judgment (Docs. 180 and 187) and Plaintiff's Motion for Partial Summary Judgment (Doc. 186). The Motions were fully briefed and the Court conducted oral argument. Upon careful consideration of the briefing, and for the reasons set out herein and on the record of the oral argument, the Court concludes Defendants' Motions are due to be GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion for Partial Summary Judgment is due to be DENIED.

I.   **BACKGROUND**

The voluminous facts of this case are set out in detail in the parties' briefs and on the record of the oral argument of the instant Motions. In broad outline, Plaintiff and its franchisor, Right at Home ("RAH"), were sued in a separate wrongful death lawsuit ("Lawsuit"). Defendant ACE Fire Underwriters Insurance Company ("ACE Fire") defended and settled the direct claims against Plaintiff in the Lawsuit, pursuant to a liability policy ACE Fire issued to Plaintiff. In the instant action, Plaintiff alleges ACE Fire wrongfully denied coverage in the Lawsuit to RAH as an additional insured under the policy. RAH is not a party to this action. Plaintiff also alleges ACE

1

Fire wrongfully refused to defend and failed to communicate a settlement offer on a crossclaim RAH asserted against it in the Lawsuit. Although the parties dispute whether ACE Fire initially undertook Plaintiff's defense of the RAH crossclaim, it is undisputed ACE Fire was not defending Plaintiff when RAH recovered a crossclaim judgment against it. ACE Fire refused to pay the RAH crossclaim judgment.

Plaintiff asserts claims against ACE Fire and its claims handling entity, ACE American Insurance Company ("ACE American"). Plaintiff's operative Complaint (Second Amended Complaint (Doc. 109) ("Complaint")) asserts five (5) counts against Defendants. Counts I and II, respectively, are for "Negligent/Wanton Failure to Settle" and "Bad Faith Failure to Properly Investigate, Defend, and Settle" (collectively "Failure to Settle Claims"). Count III is for "Interference with Contractual/Business Relationship." Count IV is for "Suppression." Count V, for "Breach of Enhanced Obligation of Good Faith," is pled alternatively and only to the extent Defendants allege and "can prove that a reservation of rights was issued at any time." (*Id.*).

Defendants moved for summary judgment on all five Counts in the Complaint. (Docs. 181 and 188). Plaintiff conceded ACE **American's** Motion as to Counts I and II, *i.e.*, Failure to Settle Claims. Plaintiff also conceded ACE **Fire's** Motion as to Count III for "Interference with Contractual/Business Relationship." At the hearing, the Court granted ACE **American's** Motion on Count III. The Court also denied Defendants' Motions as to the suppression claim (Count IV). As for Plaintiff's alternative claim for "Breach of Enhanced Obligation of Good Faith" (Count V), there is no material dispute that Defendants did not issue a reservation of rights. Therefore, Defendants' Motions for Summary Judgment on Count V are GRANTED. Also, at the hearing, the Court DENIED Plaintiff's Motion for Partial Summary Judgment. (Doc. 186).

II.     **ACE FIRE'S MOTION FOR SUMMARY JUDGMENT ON FAILURE TO SETTLE CLAIMS**

The only remaining motion is ACE **Fire's** Motion for Summary Judgment on Plaintiff's Failure to Settle Claims. ACE Fire advances essentially four arguments in support of its Motion.

A.     **Contractual Liability**

First, ACE Fire argues Plaintiff cannot prevail on its Failure to Settle Claims because it cannot establish contractual liability under the ACE policy. According to ACE Fire, it fully performed its contractual obligations under the policy by exhausting the policy limits in defending and settling the direct claims against Plaintiff in the Lawsuit. Plaintiff, however, argues ACE Fire misstates the law. It contends "contractual liability is not a prerequisite to third-party negligent and bad faith failure to settle claims." (Doc. 203). According to Plaintiff, ACE Fire's argument of prerequisite contractual liability is flawed and based on inapplicable first-party case law.

The Court disagrees with Plaintiff and its characterization of the case law on which ACE Fire relies. For the reasons stated in ACE Fire's briefs and by its counsel at oral argument, the Court concludes contractual liability is a prerequisite to Plaintiff's negligent and bad faith Failure to Settle Claims.

The question, then, becomes whether there is a material factual dispute of contractual liability. ACE Fire argues there is no contractual liability as a matter of law, because it exhausted policy limits by its defense and payment of the underlying claims against Plaintiff in the Lawsuit. ACE Fire relies on the policy exhaustion provision, and cites *Samply v. Integrity Ins. Co.*, in which the Alabama Supreme Court stated, "an insurer is relieved of its duty to defend only upon exhaustion of its policy limits by settlement or judgment." 476 So. 2d 79, 83 (Ala. 1985). The

Court in *Samply* relied on a treatise which stated, "the insurer is not required to defend remaining claims and suits after it has exhausted the policy limits in *settling* suits arising from the same accident." 476 So. 2d at 83 (emphasis in original).

However, as Plaintiff notes, the Court in *Samply* also stated, "the better rule of law is that an insurer, when it obligates itself to defend, . . . cannot avoid its duty to defend against an insured's contingent liability by tendering the amount of its policy limits into court without effectuating a settlement or obtaining the consent of the insured." 476 So. 2d at 83. Additionally, Plaintiff cites *Blackburn v. Fid. & Deposit Co. of Maryland,* in which a plaintiff-corporate director sued an insurer for bad faith refusal to defend a lawsuit filed against him and other directors. 667 So. 2d 661 (Ala. 1995). The insurer in *Blackburn* defended and settled claims against the other directors, and in so doing exhausted policy limits. 667 So. 2d at 672. The insurer then denied defense to the plaintiff-director, and did not include him in the settlement. The Court in *Blackburn* held that the exhaustion of policy limits, of itself, did not foreclose duties the insurer may have had to defend the plaintiff-director. The Court identified its holding in *Samply* as "an insurer's duty to defend is not discharged by paying the policy limits," and concluded: "Thus, by itself, [the insurer's] settlement of the claims against the other directors did not foreclose any duty it may have had to defend [plaintiff-director] against those same claims." *Id.* at 673. The Court's conclusion was based on *Samply* and apart from policy language. ACE Fire does not distinguish *Blackburn.*

Based on the materials and arguments presented to it, the Court cannot conclude, as a matter of law, that ACE Fire's exhaustion of policy limits precludes Plaintiff's claims based on coverage denials. This is especially so given facts in the record, taken in a light most favorable to

4

Plaintiff, which demonstrate a material dispute concerning ACE Fire's alleged undertaking of Plaintiff's defense of the RAH crossclaim. The Court's conclusion is consistent with its denial of ACE Fire's Motion, at oral argument, based on estoppel.[1]

### B. Additional Insured Status

Next, ACE Fire argues Plaintiff cannot prevail on claims based on RAH's alleged status as an additional insured. ACE Fire advances two arguments. The first is standing. The Court understands ACE Fire's argument to be that a wrongful denial of policy benefits to RAH as additional insured would be a wrong against RAH, not Plaintiff, and that a claim for damages caused to RAH by such wrongful denial could be asserted only by RAH. Plaintiff, in response, argues it has "standing to assert negligent and bad faith failure to settle claims against ACE." (Doc. 203). The Court accepts the parties' arguments, as far as they go. Neither argument, though, goes far.

Any claim for damages caused to RAH by ACE Fire's denial of RAH's request for additional insured status fail as a matter of law based on standing. However, the Court understands Plaintiff's claim to be that ACE Fire's denial of additional insured coverage to RAH caused the excess RAH Crossclaim judgment. Such a claim may be more properly a part of Plaintiff's contractual indemnity claim, which Plaintiff has standing to pursue. To that extent, and based on the arguments and materials before it, the Court concludes that ACE Fire's Motion based on standing is due to be DENIED.

---

[1] The "facts" accepted at the summary judgment stage "may not be the actual facts of the case." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013).

Alternatively, ACE Fire argues RAH is not an "additional insured" under the policy. ACE Fire contends RAH is not (1) a "named" additional insured or (2) included under any "blanket" policy provision of additional insured status. Although RAH does not appear in the policy, Plaintiff contends there is a material factual dispute as to whether it requested RAH be named an additional insured as part of the ACE Fire policy application process. Plaintiff relies on a "Healthcare Agency Application" submitted to ACE on Plaintiff's behalf, which listed RAH as an "Additional Named Insured" and identified the "Franchise" relationship between RAH and Plaintiff. ACE argues that there is evidence it did not receive the Application. On balance and based on Plaintiff's arguments in brief and at oral argument, the Court finds there is a material factual dispute surrounding whether RAH is a named additional insured, and therefore that ACE Fire's Motion for Summary Judgment, in that respect, is DENIED.

However, the Court concludes that RAH is not an "additional insured" under any blanket policy provision. In particular, the Court agrees with ACE Fire's argument that neither Plaintiff nor RAH was covered under the "general liability" provision of the Policy for the claims asserted against them in the Lawsuit. Rather, coverage for the Lawsuit was afforded under the "professional liability" coverage provision in the policy. For the reasons articulated by ACE Fire in its briefing and at oral argument, RAH was not an "additional insured" under the professional liability policy provisions.

C.   **RAH Crossclaim**

Next, ACE Fire argues the RAH crossclaim was not a covered claim under the policy. According to ACE Fire, Plaintiff cannot prevail on a claim for its "refusal to settle a demand for defense costs asserted by RAH against [Plaintiff] in its crossclaim." (Doc. 188). ACE Fire's Motion

6

here is based on two arguments. First, ACE Fire argues the RAH crossclaim is excluded from coverage by the policy Contractual Liability Exclusion. Plaintiff does not offer meaningful opposition to this argument. The Court finds ACE Fire's arguments regarding the Contractual Liability Exclusion to be correct, and concludes it applies to the RAH crossclaim.

However, Plaintiff does offer substantial opposition to ACE Fire's second argument concerning estoppel. Plaintiff contends ACE Fire is estopped from denying coverage of the RAH crossclaim based on factual disputes surrounding ACE Fire's alleged undertaking the defense of it. The Court has concluded there are material factual questions on this issue. Based on that conclusion, the Court finds ACE's Motion for Summary Judgment addressed to estoppel is due to be DENIED in all respects. The issue of coverage for the RAH crossclaim will proceed to trial solely on estoppel, including its application, its extension to defense and indemnity obligations, and damages.

### D.    ACE Fire's Conduct

ACE Fire moves for summary judgment on the Failure to Settle Claims because, it argues, there is no material dispute it acted reasonably in denying coverage following the exhaustion of policy limits. Before analyzing whether there is material factual dispute regarding ACE Fire's conduct, the Court must resolve the parties' disagreement about the applicable legal standard.

ACE Fire contends the applicable standard is whether its decision was based on any "arguable or legitimate" reason, *i.e.*, whether there was a "lawful basis." ACE Fire relies principally on *Mut. Assur., Inc. v. Schulte*, 970 So. 2d 292, 296 (Ala. 2007). In *Schulte*, the Alabama Supreme Court stated, "the inquiry relevant to a claim alleging bad-faith failure to settle is whether the insurer's failure to settle had any 'lawful basis,' that is, whether the insurer had any

7

'legitimate or arguable reason for failing to pay the claim.'" 970 So. 2d at 296 (quoting *National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala.1982)). However, as ACE fire acknowledges, federal courts applying Alabama law have rejected its argument, finding the statement in *Schulte* on which it relies to be *dicta*. *See, e.g., Thomas v. Auto-Owners Ins. Co.*, 479 F. Supp. 3d 1218, 1232 (M.D. Ala. 2020) (noting the courts in *Franklin v. National General Assurance Co.*, 2015 U.S. Dist. LEXIS 771 (M.D. Ala. Jan. 23, 2015) and *Leo v. Alfa Mutual Insurance Co.*, 2016 U.S. Dist. LEXIS 40102 (N.D. Ala. March 28, 2016) "dismissed [the] single sentence in *Schulte* [regarding "arguable reason"] as dicta ….")).

Federal courts in this Circuit have held the standard applicable to bad faith failure to settle claims to be the "totality-of-the-circumstances." In *Thomas,* the court agreed with the "thorough logic and analysis" articulated in *Franklin*, 2015 U.S. Dist. LEXIS 771, and with the conclusion that the "totality-of-the-circumstances" standard applies to bad faith failure to settle claims under Alabama law. Indeed, the court in *Thomas* concurred that Alabama Supreme Court decisions "command" the totality-of-the-circumstances standard. *Thomas*, 479 F. Supp. 3d at 1233 (citing *Waters v. American Casualty Co. of Reading, Pa.*, 73 So.2d 524 (Ala. 1953), *Hartford Accident & Indemnity Co. v. Cosby*, 173 So.2d 585 (Ala. 1965), and *State Farm Mutual Automobile Ins. Co. v. Hollis,* 554 So.2d 387 (Ala. 1989)). Relying again on *Franklin, supra*, the court in *Thomas* found the Alabama Supreme Court's decision in *Waters, supra*, to "perfectly" answer the question."

> As in *Franklin*, this Court finds that *Waters* perfectly answers the question at hand []. There, not only did the Alabama Supreme Court recognize for the first time the tort of bad faith failure-to-settle, but the court also stated that "it is a question for the jury from *all the facts and circumstances* to determine whether the failure on the part of the insurer to make a settlement is an act of negligence or one of bad faith." 73 So. 2d at 529 (emphasis added).

*Thomas*, 479 F. Supp. 3d at 1233.

8

This Court finds the opinions in *Thomas* and *Franklin* to be correctly decided. The legal standard applicable to the Failure to Settle Claims is the totality-of-the-circumstances.

As for ACE Fire's argument on summary judgement, the Court concludes, on the record before it, that there are material questions of fact for resolution by a jury. *See Thomas*, 479 F. Supp. 3d at 1233. This conclusion is based especially on the disputed facts relating to ACE Fire's alleged failure to communicate a settlement demand for the RAH Crossclaim and its alleged undertaking of the defense of the RAH crossclaim. ACE Fire argues facts which relate to policy exhaustion, its instructions (or lack thereof) to appointed counsel to undertaking the defense of the RAH Crossclaim, and its communications regarding a settlement offer. Much of this evidence may be relevant to the totality-of-the-circumstances in which ACE Fire made its decisions, but it is evidence to be presented to a jury.

## CONCLUSION

Defendants' Motions for Summary Judgment (Docs. 180 and 187) are GRANTED IN PART and DENIED IN PART, as set out. Plaintiff's Motion for Partial Summary Judgment (Doc. 186) is DENIED.

**DONE and ORDERED** this 31st day of January, 2025.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE